## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI

In re:                                   )
                                         )
Deborah Gertrude Steiner,                )          Case No. 20-41952-can13
                                         )
            Debtor.                      )

### ORDER BARRING DEBTOR FROM FILING FURTHER BANKRUPTCY PETITIONS FOR ONE YEAR

On its own motion, this Court ordered Debtor Deborah Gertrude Steiner to show cause why she should not be barred from filing bankruptcy petitions for one year.[1] Ms. Steiner responded,[2] contesting whether she should be barred, and the Court held a hearing. For the reasons set forth below, the Court finds and concludes that Ms. Steiner has abused the bankruptcy system as part of a scheme to thwart and delay her creditors, such that she should be barred from filing any bankruptcy petition for the period of one year from the date of this Order.

### *Jurisdiction*

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) that the Court may hear and determine with authority to issue a final order. In its Order of December 29, 2021, dismissing this case, the Court reserved jurisdiction to determine whether Ms. Steiner should be barred from filing bankruptcy for a period of time.

### *Findings of Fact*

The Court takes judicial notice of the motions, objections, and responses filed by Ms. Steiner in this case and of her previous bankruptcy filings, including the findings of fact and

---

[1] Case No. 20-41952, ECF No. 292.
[2] Case No. 20-41952, ECF No. 294.

conclusions of law made in Case Nos. 19-42111-13 (*In re Deborah Steiner*), 19-42178-13 (*In re Neil Steiner*), and 19-42249-7 (*In re Deborah and Neil Steiner*) in connection with a motion to bar Ms. Steiner and her husband from refiling bankruptcy[3]; the Memorandum Opinion of the United States Bankruptcy Appellate Panel for the Eighth Circuit, Case No. 19-6027 dated March 23, 2020, affirming the Bankruptcy Court's dismissal and 180-day bar based on a finding of egregious conduct and serial filings[4]; and the findings of fact and conclusions of law in Case No. 17-41226-13 (*In re Deborah Steiner*), finding the same.[5] The Court also incorporates by reference the factual background set forth in its Order to Show Cause.

To summarize, Ms. Steiner (along with her husband, Neil Steiner) has a long history of filing bankruptcy cases to thwart and delay her creditors. This is Ms. Steiner's tenth bankruptcy case and her fourth since she was first barred from filing bankruptcy petitions for 180 days in 2018.[6] After the first bar expired, Ms. Steiner filed three more bankruptcy cases, all of which the Court dismissed. The Court dismissed Case No. 18-42809-13 due to Ms. Steiner's failure to comply with a conditional order requiring her to cure her chapter 13 plan payment delinquency.[7] Ms. Steiner then filed a chapter 13 in which a mortgage holder, Wilmington Savings Fund Society, filed for relief from stay to foreclose on Ms. Steiner's property, which this Court granted on August 29, 2019.[8] The same day relief from stay was granted in that Chapter 13 case, Ms. Steiner and her husband filed a joint chapter 7 to stop Wilmington Savings from foreclosing on the property.[9] The

---

[3] Case No. 19-42249-7, ECF No. 23.
[4] *In re Steiner*, 613 B.R. 176 (B.A.P. 8th Cir. 2020).
[5] Fed. R. Evid. 201(b); *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (stating that a district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"). *See also Malak Baalim, a.k.a. Norbert K.O. Cody, II, v. Judge Lynne Perkins, et al.,* No. 4:21 CV 1341 MTS, 2022 WL 292957, at *2 n.2 (E.D. Mo. Feb. 1, 2022) (taking judicial notice of cases on Case.net, Missouri's online case management system).
[6] Case No. 17-41226-13.
[7] Case No. 18-42809-13, ECF No. 199.
[8] Case No. 19-42111-13, filed August 16, 2019.
[9] Case No. 19-42249-7.

Court dismissed Ms. Steiner's Chapter 13 case and the Steiners' joint Chapter 7 case on Wilmington Savings' motion to dismiss for bad faith and barred Ms. Steiner from filing bankruptcy for a second time for 180 days.[10] The Court also enjoined Mr. Steiner from filing bankruptcy for the same 180-day period.[11]

During the time the Steiners were enjoined from filing bankruptcy, Wilmington Savings completed the foreclosure on the Steiners' property. Creditor Jack Murphy acquired the property at foreclosure and began proceeding in state court to evict the Steiners. The Court also takes judicial notice of the state court records showing that Mr. and Mrs. Steiner engaged in lengthy litigation with Mr. Murphy, and that only after being ordered to vacate Mr. Murphy's property did Ms. Steiner file the most recent Chapter 13 bankruptcy case on November 13, 2020.[12] The Chapter 13 Trustee quickly filed a Motion to Dismiss Case With Prejudice.[13] The Court denied the Trustee's Motion, finding the Motion was not yet ripe, giving Ms. Steiner another opportunity to reorganize in good faith. But the Court warned Ms. Steiner that if her case became ripe for dismissal it would be dismissed with prejudice for a substantial period of time and that she would not be given any leeway to cure defaults in payments or filings.[14]

Ms. Steiner did not take advantage of that opportunity and did not heed the Court's warning. Instead, she attempted on multiple occasions to relitigate issues with creditors such as Tan-Tar-A who had a final state court judgment and Jack Murphy, by including inappropriate and nonstandard provisions in her proposed Chapter 13 plans attempting to undo those creditors' rights

---

[10] *See* Case No. 19-42249-7, ECF No. 23, pp. 23-24.; Case No. 19-42111-13, ECF No. 63, pp. 23-24.
[11] *Id.*
[12] *See* Initial Statement About an Eviction Judgment, ECF No. 11.
[13] Case No. 20-41952, ECF No. 27.
[14] Case No. 20-41952, ECF No. 87.

and interests, by filing objections to those creditors' claims, and by filing "Motions for Adversary Hearings" against Tan-Tar-A and Jack Murphy.[15]

After Ms. Steiner filed multiple unconfirmable Chapter 13 plans and failed to remain current on proposed plan payments, the Chapter 13 Trustee filed a second motion to dismiss the case with prejudice requesting another 180-day bar.[16] At the hearing held in May 2021, some six months after the case had been filed, the Court explained that it had reviewed the series of Chapter 13 plans Ms. Steiner had filed and, although she had been slowly fixing problems the Chapter 13 Trustee identified with the plans, the last few plans had gone back to making the same mistakes. The Court told Ms. Steiner it would give her one more chance to file a confirmable plan, but if she failed to do so, the Court would dismiss the case.[17]

Despite the Court's direction and instructions, Ms. Steiner continued to file unconfirmable plans and again fell behind on her plan payments. On September 8, 2021, Jack Murphy filed a motion for relief from stay to continue the pending state court eviction proceeding.[18] Ms. Steiner responded with nothing but a rehash of her state court arguments about why Wilmington Savings' foreclosure was not proper in the first instance along with other personal attacks on Jack Murphy and his interest in the property.[19] Ms. Steiner also filed a frivolous motion for sanctions against Jack Murphy's attorney and an objection to Jack Murphy's claim.[20] After an evidentiary hearing, the Court lifted the stay to allow Jack Murphy to proceed to eviction. The Court explained to Ms. Steiner that she could pursue in state court her theories about why Wilmington Savings did not

---

[15] *See* ECF Nos. 65, 66 and the Court's Order at ECF No. 98. It was Ms. Steiner's attempts to thwart and delay Tan-Tar-A Estates, LLC, in previous bankruptcy cases that caused the Court to issue the first 180-day bar in the 2017 Chapter 13 bankruptcy case.
[16] Case No. 20-41952, ECF No. 143.
[17] Case No. 20-41952, Courtspeak Audio File, ECF No. 168.
[18] Case No. 20-41952, ECF No. 207.
[19] Case No. 20-41952, ECF No. 222.
[20] Case No. 20-41952, ECF No. 218, 220.

properly foreclose and why Mr. Murphy was not the owner of the property, since the Steiners had been litigating those issues in state court for several years and this Court had no jurisdiction over Mr. Steiner or Wilmington Savings.

In the meantime, the Chapter 13 Trustee filed another motion to dismiss for default in plan payments, alleging that Ms. Steiner was in default $7,500, or three plan payments.[21] Ms. Steiner's response asserted she had made payments but was "unaware" that a $5,000 payment she said she made had not been received by the Trustee. At the hearing on the Motion to Dismiss, the Court entered an Order conditionally denying the motion the dismiss pursuant to Ms. Steiner's agreement that she would cure the plan default within 30 days. The Order expressly stated that if Ms. Steiner failed to comply with her agreement, the Court could dismiss the case without further notice.[22] On the thirtieth day, rather than cure the default or move for time to cure, Ms. Steiner filed a motion to suspend the default, which had since grown to $11,500.[23]

After the Chapter 13 Trustee filed a request for dismissal due to Ms. Steiner's failure to comply with the Conditional Order, the Court entered the Order dismissing the case.[24] At the time the case was dismissed, Ms. Steiner had filed at least thirteen unconfirmable plans, the latest of which was unconfirmable for several reasons, including the fact the plan as proposed was running more than 99 months; that Ms. Steiner had only made eight of twelve plan payments that had come due and was delinquent (at the time) by $9,000; and that the plan provided ambiguous treatment to two creditors, including Tan-Tar-A. In addition, Ms. Steiner had just recently filed a second "Motion for Adversary Hearing" against Jack Murphy, asking the Bankruptcy Court to determine that Mr. Murphy had no interest in the property, notwithstanding the fact that the Court had

---

[21] Case No. 20-41952, ECF No. 255.
[22] Case No. 20-41952, ECF No. 275.
[23] Case No. 20-41952, ECF No. 282.
[24] Case No. 20-41952, ECF No. 285.

previously denied the first "Motion for Adversary Hearing" and the Order lifting the stay was final and had not been appealed.[25]

### *Conclusions of Law*

In her Response to the Court's Order to Show Cause,[26] Ms. Steiner offers four reasons why the Court should not dismiss her case with a bar on refiling. First, Ms. Steiner asserts all her bankruptcy cases, including the current one, have been filed in good faith. Second, with respect to her failure to comply with the Court's Conditional Order based on her agreement to cure the payment default, Ms. Steiner claims a contractor failed to pay her so she was unable to timely cure her plan default. She contends she has now found another job and has received the money owed to her, arguing that she should be able to add the missed payments "on the end of my payment plan." Third, Ms. Steiner reiterates her theories about Wilmington Savings and Jack Murphy, protesting that "I am not using the courts to prolong a case I am just finding the truth." Finally, she asserts that it is her creditors' fault that her plan has not been confirmed one year after her bankruptcy filing, "because my Creditors do not submit the correct paperwork." She requests that the Court reopen the Chapter 13 case "and allow the Creditors adjust there [sic] claims" or in the alternative that she be allowed to convert to a Chapter 7. Ms. Steiner has failed as a matter of fact and law in showing cause why her case should not be dismissed with a bar on refiling.

Under 11 U.S.C. § 109(g)(1), a court may issue a 180-day bar on refiling if a debtor's case was dismissed for "willful failure of the debtor to abide by orders of the court." Moreover, bankruptcy courts derive from § 105(a) or § 349(a) of the Bankruptcy Code the power to sanction bad-faith serial filers by prohibiting further bankruptcy filings and have done so for more than the 180 days allowed under § 109(g)(1). *In re Marshall*, 407 B.R. 359, 363 (B.A.P. 8th Cir. 2009)

---

[25] Case No. 20-41952, ECF Nos. 65, 98, 283.
[26] Case No. 20-41952, ECF No. 294.

(citations omitted). As the Bankruptcy Appellate Panel noted in one of Ms. Steiner's previous cases discussed above, a prohibition on refiling is typically reserved for instances, such as this one, "where a debtor files a series of bankruptcy petitions that are strategically timed to thwart a secured creditor from foreclosing on its collateral." *In re Steiner*, 613 B.R. 176, 179 (B.A.P. 8th Cir. 2020) (quoting *In re Marshall*, 407 B.R. 359, 363 (B.A.P. 8th Cir. 2009)). Determining whether a bankruptcy filing is made in good or bad faith is a factual inquiry based on the totality of the circumstances. *Id. (*citing *In re Rotellini*, 510 B.R. 241, 244 (Bankr. E.D. Mo. 2014)). Several factors may be evaluated to determine bad faith, including a debtor's "atypical" conduct and any attempt to manipulate or abuse the bankruptcy process are both relevant. *Id*. (citing *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 364, 382 (2007)).

In this case, Ms. Steiner timed her bankruptcy filing to avoid eviction by Jack Murphy. After this Court lifted the stay, the Circuit Court of Jackson County, Missouri, in *Jack Murphy vs. Neil Steiner, et al*, Case No. 1916-CV30224, entered a final judgment against the Steiners for unlawful detainer on November 30, 2021. The Steiners have appealed that final judgment to the Missouri Court of Appeals. It was after the final judgment that Ms. Steiner filed her second "Motion for Adversary Hearing" before this Court, restating the failed arguments she had raised in opposition to Jack Murphy's motion to lift the stay that Wilmington Savings had not properly foreclosed and so Jack Murphy had no interest.[27]

Despite her argument that she filed this case and all previous bankruptcy cases in good faith, these actions demonstrate that Ms. Steiner has not proceeded in good faith but has used the bankruptcy filing to avoid being evicted and to avoid paying Jack Murphy. Ms. Steiner has failed

---

[27] The Court also notes that Ms. Steiner's representation to this Court that the Missouri Court of Appeals previously "ruled in her favor" in the Jack Murphy litigation is not accurate. Response, p. 2. (Case No. 20-41952, ECF No. 294). In her previous appeal from a judgment granting unlawful detainer, the Court of Appeals dismissed the Steiners' appeal on the grounds the judgment was not final. MO Case No. WD84210; 1916-CV28576.

to file a confirmable plan despite filing at least thirteen proposed plans. None of the plans proposed payment to Jack Murphy, whom the state court found in its judgment was entitled to statutory damages of $21,967.74 from the Steiners' occupancy of the property without payment, for the period from March 17, 2020, to November 2021.

With respect to her plan payment delinquency, Ms. Steiner was given fair notice early on that she would be given no leeway if she missed plan payments. Ms. Steiner did not address the delinquency except to say she wants to add her missed plan payments to the end of the plan. Ms. Steiner should know, however, having filed multiple Chapter 13 cases and multiple Chapter 13 plans, that tacking $11,000 in defaulted plan payments on to the end of her plan is patently unworkable since her last proposed plan was already running well in excess of 60 months.[28]

Ms. Steiner's Response and attached documents merely rehash all the same arguments she has raised on multiple occasions in the state court and this Court. Ms. Steiner's Response does not address her repeated filings and subsequent dismissals and previous Court findings of bad faith, but instead makes questionable representations about her state court cases, shifts responsibility for her failing to comply with the Court's conditional order and file a confirmable plan to her creditors, and requests the Court to re-open to "allow the Creditors [to] adjust there [sic] claims." In other words, she continues to misuse this Court in an attempt to relitigate matters that have already been decided.

At the hearing, Ms. Steiner said she was ready to move on and wanted her case reinstated so that she could convert the case to Chapter 7 or to have no bar so she could file a Chapter 7 case. The Court has carefully considered Ms. Steiner's request. But the Court based on its experience with Mr. and Mrs. Steiner does not believe her request to convert or to file a Chapter 7 is sincere.

---

[28] *See* 11 U.S.C. § 1322(d).

A new Chapter 7 filing would result in a new stay against Jack Murphy and the other creditors. A Chapter 7 Trustee would have to expend time and resources sorting through the multiple state court proceedings, the appeal, and investigating Ms. Steiner's theories against Wilmington Savings and Jack Murphy. It is not even clear Ms. Steiner is eligible for a Chapter 7 filing, based on her representation in her Schedule I that her combined household income is $9,525 per month. In other words, allowing Ms. Steiner to convert to Chapter 7 or to file a new Chapter 7 would only enable her to continue to abuse the bankruptcy process.

Ms. Steiner's previous bar on refilling was affirmed by the Eight Circuit Bankruptcy Appellate Panel in part because she admitted that she was using the repeated bankruptcy filings in an attempt to save her house. *Steiner*, 613 B.R. at 179. She has used this current bankruptcy case to stall the creditor who bought the property at foreclosure from taking possession of it and to avoid paying for the property, allowing her to live in the property for free. These actions demonstrate to the Court that its two previous bars on filing were not sufficient to impress upon Ms. Steiner the seriousness of these proceedings. A bar for more than 180 days is warranted for her egregious conduct and abuse of the bankruptcy system.

In sum, Ms. Steiner's Response fails to show cause why she should not be barred from filing a bankruptcy petition for a period of one year.

### *Conclusion*

Ms. Steiner has failed to show cause why she should not be barred from filing further bankruptcy petitions. Therefore, Debtor DEBORAH STEINER is HEREBY barred from filing another bankruptcy case for a period of one year from the date of this order pursuant to 11 U.S.C. §§ 105, 349, and the Court's inherent powers to prevent abuse of the bankruptcy system. A separate Order will issue.

IT IS SO ORDERED

**/s/  Cynthia A. Norton**
U.S. Bankruptcy Judge
Cynthia A. Norton

Dated: 2/10/2022